UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PAULA C.,

    Plaintiff,

v.                          Civil Action No. 2:23-cv-00659

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER

On October 6, 2023, plaintiff Paula C. initiated this action seeking judicial review of a final decision of the defendant Martin J. O'Malley, Commissioner of Social Security (the "Commissioner"), pursuant to 42 U.S.C. section 405(g). Pending is plaintiff's complaint (ECF 1), which was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and recommendations ("PF&R"). Judge Tinsley filed his PF&R on August 22, 2024 (ECF 10), to which neither party objected.

Plaintiff applied for social security disability benefits on February 15, 2021. PF&R at 2. The Administrative

---

[1] Commissioner O'Malley was substituted in place of Acting Commissioner Kilolo Kijakazi following O'Malley's appointment on December 20, 2023.

Law Judge ("ALJ") returned an unfavorable decision to plaintiff. Id. To reach the unfavorable decision, the ALJ determined that plaintiff would be able to perform and could return to her past relevant work and that plaintiff had not been under a disability during the relevant time period. Id. at 18. Plaintiff's claim was again denied upon reconsideration by the ALJ, and the Appeals Council denied plaintiff's request for review. Id. at 2-3. On August 10, 2023, this denial became the final decision of the Commissioner. Id. at 3.

Plaintiff contends that the ALJ's written determination regarding her Residual Functional Capacity ("RFC") is deficient as a matter of law because the ALJ failed to accommodate her proven mild mental limitations or explain why they were omitted from the ALJ's RFC assessment, and the ALJ's RFC determination failed to properly consider the impact caused by plaintiff's fatigue and bilateral-hand arthritis. Id. at 19. Judge Tinsley rejected these arguments.

With regard to plaintiff's first contention, Judge Tinsley found that the ALJ expressly explained the logical and evidentiary basis for finding that plaintiff's mild mental-function limitations did not impact her ability to perform her skilled prior work, and that the ALJ included this explanation in the portion of the written decision in which the ALJ

2

discussed her RFC analysis.  Id. at 22.  Judge Tinsley emphasized the detailed explanation provided by the ALJ that demonstrated the evidentiary basis and rationale the ALJ employed in the evaluation of the effects of the plaintiff's symptoms and the ways in which they limited her work-related activities.  Id. at 23.  Judge Tinsley concluded that the ALJ's decision was supported by substantial evidence and that plaintiff failed to demonstrate error on this basis.

Judge Tinsley similarly rejected the plaintiff's assertion that the ALJ's RFC determination failed to properly consider the impact caused by plaintiff's fatigue.  He found that the ALJ properly considered plaintiff's subjective complaints and the state agency physicians' opinions under the appropriate regulatory framework, and substantial evidence supported the ALJ's fact-finding.  As to plaintiff's assertion that the ALJ's RFC determination failed to properly consider the impact of plaintiff's bilateral-hand arthritis, Judge Tinsley detailed the ALJ's extensive consideration of the evidence and the fact that the plaintiff failed to highlight any specific findings from the medical records or point to any inaccuracies in the ALJ's decision to support her contention.  As a result, Judge Tinsley found that the ALJ appropriately considered plaintiff's bilateral osteoarthritis of the hands pursuant to

the appropriate regulatory framework, and substantial evidence supported the ALJ's determination.  Id. at 35.

Judge Tinsley thus recommends that plaintiff's request to reverse the Commissioner's decision be denied, and the final decision of the Commissioner be affirmed.  PF&R at 2.

The court need not review, under a de novo or any other standard the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been raised.  See Thomas v. Arn, 474 U.S. 140 (1985); see also 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") (emphasis added).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989).  Objections in this case having been due on September 5, 2024, and none having been filed, this matter may be duly adjudicated.

Accordingly, it is ORDERED that:

4

1. The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2. The plaintiff's request to reverse the Commissioner's decision be, and hereby is, DENIED;

3. The Commissioner's request to affirm his decision be, and hereby is, GRANTED;

4. The Commissioner's final decision be, and hereby is, AFFIRMED; and

5. This civil action be, and hereby is, DISMISSED from the docket of this court.

The Clerk is directed to transmit copies of this order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: September 16, 2024

John T. Copenhaver, Jr.
Senior United States District Judge